IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EVANS D. CAMERON | § | CIVIL ACTION |
|    Plaintiff, | § | |
| | § | NO. |
| v. | § | |
| | § | SECTION |
| BAYWATER DRILLING, LLC | § | |
|    Defendant. | § | MAGISTRATE |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EVANS D. CAMERON, hereinafter referred to as "Plaintiff," complaining of BAYWATER DRILLING, LLC, hereinafter referred to as "Defendant" and for cause of action would respectfully show as follows:

### A. PARTIES

1. Plaintiff is an individual and a citizen of the State of Mississippi.

2. Defendant, BAYWATER DRILLING, LLC is a corporation that is incorporated under the laws of the State of Delaware. Defendant may be served through its registered agent, C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

### B. JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to General Maritime Law, the Jones Act, 46 U.S.C. App. § 30104, *et seq.* and Diversity.

### C. FACTS

4. On or about January 9, 2016, Plaintiff was employed by Defendant as a seaman and was a member of the crew onboard the Inland Barge St. Elaine.

5. At all material times the barge was owned and/or operated by Defendant.

Page 1

6. At the time of the incident, Plaintiff was working as a floor hand. As the crane operator attempted to picked up a load on a pallet, the pallet swung hitting Plaintiff, knocking him down on the pipe rack, pinning Plaintiff's foot between the pallet and timbers.

7. As a result of the fall, Plaintiff sustained injuries to his neck, back, right foot, and other parties of his body in general.

### D.  CAUSES OF ACTION

**Jones Act - Negligence**

8. Plaintiff reasserts Paragraphs 1 through 7 as if recited again verbatim. At all relevant times, Plaintiff was in the course and scope of his employment with the Defendant. The actions and/or inactions of the Defendant and/or its officers, agents and/or employees constitute negligence. Specifically, Defendant was negligent in one or more of the following non-exclusive particulars:

   a. failing to provide a safe place to work;

   b. failing to follow reasonable and necessary safety precautions in the operation and employment of its equipment and personnel;

   c. failing to operate the crane properly and perform the lift in a safe manner;

   d. failing to provide an adequate and properly trained crew.

   e. any and all other acts of negligence, and/or fault and/or acts or omissions of the Defendants and/or any other conditions caused as a result of the Defendants' negligence which may be proven at the trial of this matter or discovery prior thereto.

9. The negligence of Defendant as set forth above was a proximate and/or producing cause of Plaintiff's injuries and damages.

**General Maritime Law – Unseaworthiness**

10.     Defendant owed a duty to Plaintiff to maintain the Inland Barge St. Elaine in seaworthy condition.  However, Plaintiff will show that the vessel was unseaworthy in that it lacked a properly trained crew.

11.     Said unseaworthy conditions were a proximate and/or producing cause of Plaintiff's injuries and damages.

**General Maritime Law – Maintenance and Cure**

12.     Plaintiff would show that on the above-mentioned date, he was injured while in the course and scope of his employment with Defendant and while serving as a seaman in the service of the vessel.

13.     Plaintiff will further show that Defendant breached its absolute duty to provide Plaintiff with maintenance and cure.

### E.  DAMAGES

14.     As a legal and proximate result of Defendant's negligence and/or of the unseaworthy condition of the Inland Barge St. Elaine, Plaintiff suffered the following injuries and damages:

   a.   Plaintiff has been forced to incur reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

   b.   Plaintiff has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to suffer same into the future;

   c.   Plaintiff has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer same into the future;

   d.   Plaintiff has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer same into the future;

   e.   Plaintiff has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer same into the future;

  f. Plaintiff has lost earnings in the past and, in all reasonable probability, will sustain a loss of earning capacity in the future; and,

  g. Plaintiff has suffered a past loss of found damages, and in all reasonable probability, will sustain a loss of found damages in future.

15. As a result of Defendant's unreasonable failure to provide maintenance and cure, Plaintiff is entitled to recover for damages and expenses incurred, including but not limited to, damages for prolongation or aggravation of injuries; pain and suffering and additional expenses.  Plaintiff would also show that he found it necessary to engage attorneys to represent him in the maintenance and cure action and he is entitled to reasonable attorney's fees for the collection of the maintenance and cure benefits due to him for the arbitrary and capricious denial of said benefits.  Plaintiff also seeks Punitive damages for Defendant's willful and wanton failure to pay maintenance and cure.

## F. JURY DEMAND

16. Plaintiff requests a trial by jury on the merits.

## G. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks for judgment against Defendant, for the following:

  a. a sum in excess of the minimum jurisdiction limits of this Honorable Court;

  b. pre-judgment interest and post-judgment interest at the maximum legal rate;

  c. costs of court; and

  d. any and all such other and further relief, be it general or special, at law or in equity, to which Plaintiff may be justly entitled.

    Respectfully submitted,

**GORDON, ELIAS & SEELY, L.L.P.**

By: */s/ Steve Gordon*

    Steve Gordon
    Louisiana Bar No. 24109
    1811 Bering Drive, Suite 300
    Houston, Texas  77057
    (713) 668-9999 Telephone
    (713) 668-1980 Facsimile
    sgordon@geslawfirm.com Email

**ATTORNEY FOR PLAINTIFF,
EVANS D. CAMERON**